IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUN FELTON JACKSON, #2352869, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | No. 3:24-cv-00554-X (BT) |
| JOHN DOE | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shaun Felton Jackson—a Texas prisoner proceeding *pro se*—filed a document without paying the filing fee or moving for leave to proceed *in forma pauperis* (IFP) in which he appears to complain about conditions of confinement at the TDCJ Choice Moore Unit that cause him to feel unsafe, particularly a lack of cameras. *See generally* ECF No. 3. He seeks to be transferred to a safer prison. ECF No. 3 at 3.

The Court issued an Order and Notice of Deficiency (NOD) ordering Jackson to (1) file an amended complaint on the court approved form and (2) pay the $405.00 filing fee or file an application to proceed IFP with the required certificate of inmate trust account by April 8, 2024. ECF No. 5. The Court warned Jackson that his failure to comply might result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

To date, Jackson has not complied with the Court's instructions, sought an extension, or otherwise responded to the NOD.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, Jackson's failures to pay the full filing fee or submit a proper IFP application with a certificate of inmate trust account and to file an amended complaint on the Court's approved form have prevented this action from proceeding. Among other things, the Court cannot determine if Jackson has brought his claims in the proper venue.[1] Thus, unless Jackson—within the time to

---

[1] Title 28 U.S.C. § 1391(b) governs venue of a federal cause of action. That statute states in pertinent part:

A civil action may be brought in –

2

file objections to this recommendation (explained in more detail below) or some other deadline established by the District Judge—files an amended complaint on the court-approved form and pays the filing fee or obtains leave to proceed IFP, the District Judge should dismiss his case without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL

---

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a court finds that venue is improper, it may, in the interest of justice, transfer the case to any district in which the case could have been brought. 28 U.S.C. § 1406(a).

 Jackson's action does not appear to have any connection to the Northern District of Texas. Rather, Jackson appears to be complaining about the conditions of his confinement in the TDCJ Choice Moore Unit, which is in Fannin County, Texas, which is within the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). And while Jackson does not name a specific defendant, there is nothing to suggest that he seeks relief from any individual or entity who resides in the Northern District of Texas. Accordingly, the Northern District of Texas may not be the correct venue for this action.

3

2542735 (N.D. Tex. May 19, 2020); *Green v. Texas*, 2022 WL 868704, at *2 (N.D. Tex. Feb. 28, 2022) ("Green's failure to file either a civil rights complaint or a federal habeas petition on the correct form, as well as his failure to either pay the filing fee or move to proceed IFP if seeking habeas relief, has violated this Court's December 23, 2021, order and prevented this case from moving forward. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances."), *rec. accepted* 2022 WL 865896 (N.D. Tex. Mar. 22, 2022).

## Recommendation

Unless Jackson cures the deficiencies specified in this recommendation within the time to file objections to it (explained in more detail below), or by some other deadline established by the District Judge, the District Judge should dismiss his case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey court orders.

SO RECOMMENDED.

Dated May 1, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).